IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT J. MICHEAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 1:07-CV-290 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.E. # 1) filed November 19, 2007, by the Petitioner, Robert J. Micheau as well as a supplement to that petition (D.E. # 2) and a motion for an extension of time (D.E. # 6). For the reasons set forth below, the motion for an enlargement of time (D.E. # 6) is **DENIED AS MOOT**, and the Habeas Corpus Petition (D.E. # 1) is **DENIED WITHOUT PREJUDICE**.

BACKGROUND

Robert J. Micheau, a *pro se* prisoner, filed a habeas corpus petition in *Micheau v. Superintendent*, 1:07-CV-158 (N.D. Ind. filed July 5, 2007) which attempted to challenge several different proceedings. In response, this court informed him that he could only challenge one proceeding in a habeas petition and afforded him the opportunity to file multiple petitions if he sought to

challenge different proceedings. This is one of the three additional cases that he then filed.

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to preliminarily review a petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases. Under Rule 4, a district court may consider threshold constraints on federal habeas petitioners including timeliness of the petition, failure to exhaust state remedies, procedural bar, and non-retroactivity. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Motion for Enlargement of Time

Micheau mistakenly filed a motion for enlargement of time in this case asking for additional time to respond to an order entered in *Micheau v. Superintendent*, 1:07-CV-158 (N.D. Ind. filed July 5, 2007). Because that order did not apply to this case and because Micheau has responded to that order in the other case, this motion is moot.

2

Conviction in Jay County, Indiana

Micheau states that this habeas petition is attempting to challenge his conviction on August 31, 2007 in the Jay County Circuit Court. (Petition at ¶¶ 1 and 2, D.E. # 1 at 1) He also states that when he filed the petition he had not yet been sentenced and had not yet appealed. (Petition at ¶¶ 3 and 6, D.E. # 1 at 1) *See also* Petition at ¶ 12.1.b-d,D.E. # 1 at 5; Petition at ¶ 12.2.b-d, D.E. # 1 at 5-6; Petition at ¶ 12.3.b-d, D.E. # 1 at 6; and Petition at ¶ 12.4.b-d, D.E. # 1 at 7.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted). Here, Micheau has not yet presented these claims on appeal to the Indiana Supreme Court. Until he has properly presented his claims to the Indiana Supreme Court, he has not exhausted his state remedies and he cannot proceed on this petition.

"[A] district court [is required] to consider whether a stay is appropriate under circumstances . . . where the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Micheau was convicted on August 31, 2007. If he filed a timely appeal, he can still exhaust his claims in state court; if unsuccessful there, he can bring a new habeas petition. If he did not file a timely appeal, he may have claims that he may not be able to ever exhaust in state court and may thereby have forfeited any opportunity to file a habeas petition based on those claims. Either way, dismissal of this petition, rather than a stay, would not be the reason for his not being able to bring a habeas petition. Additionally, if he did not file a direct appeal then the 1-year period of limitation has begun to run. *See* 28 U.S.C. § 2244(d)(1)(A). Nevertheless, because there are still many months remaining before it expires, he has sufficient time to toll the 1-year period of limitation by filing a post-conviction relief petition whereby he can still attempt to exhaust his claims in state court. *See* § 2244(d)(2). Therefore a stay is not necessary or appropriate in this case.

CONCLUSION

For the reasons set forth above, the motion for an enlargement of time (D.E. # 6) is **DENIED AS MOOT**, and the Habeas Corpus Petition (D.E. # 1) is **DENIED WITHOUT PREJUDICE**.

**DATED: April 3, 2008**                     /s/RUDY LOZANO, Judge
                                             United State District Court

5